IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHARON and DUNCAN BARNES,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:17-cv-00902-O |

### UNITED STATES' BRIEF IN SUPPORT OF ITS
### MOTION FOR SUMMARY JUDGMENT

The United States moves for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs filed this refund suit seeking a refund of income tax in the amount of $875,005 relating to a *qui tam* relator's award received by Ms. Barnes in 2015. Summary judgment in favor of the United States is appropriate because *qui tam* awards under the False Claims Act are taxable income.

### SUMMARY OF ARGUMENT

Ms. Barnes filed the complaint seeking a refund for income tax relating to a settlement received by her under 31 U.S.C. § 3730, the False Claims Act. She properly reported the *qui tam* award as income on her Form 1040 for the 2015 tax year. She now seeks a refund asserting that, pursuant to 31 U.S.C. § 3730(d)(1), taxation of her *qui tam* award would indirectly permit the Government to keep more than the maximum eighty-five percent settlement amount allowed under the statute. The United States asserts that *qui tam* payments are taxable as income.

## QUESTION PRESENTED

Whether *qui tam* awards are includable in gross income pursuant to 26 U.S.C. § 61?

## STATEMENT OF UNDISPUTED MATERIAL FACTS[1]

1. On April 4, 2012, Sharon Shadic (whose married name is now Sharon Barnes) filed a qui tam action in the United States District Court for the Southern District of New York, captioned *United States of America ex rel. Sharon Shadic v. UFC Aerospace, United Fastener Company, Inc. and Douglas B. Davis, on behalf of the United States of America*, pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. sec. 3730(b). *See* Exhibit A, Joint Stipulation.

2. The underlying cause of action in the above-referenced lawsuit was a claim by the United States to recover damages and penalties from defendants under section 3729, et seq. of the False Claims Act ("FCA"), arising from defendants' misrepresentation of defendant UFC as a woman-owned small business ("WOSB") in order to obtain government contracts.

3. The United States intervened in the qui tam action filed by Sharon Shadic on or about October 5, 2015.  *See* Exhibit B, Joint Stipulation.

4. Shortly thereafter, on or about October 8, 2015, a Stipulation and Order of Settlement and Dismissal was entered into by the United States, Sharon Shadic (as Relator), and the defendants in the qui tam action, which called for a settlement payment from defendants to the United States in the total amount of $20,015,956.92. The United States and Sharon Shadic simultaneously entered into a Stipulation and Order of Settlement and Release in which it was

---

[1] The Statement of Facts is based on the Joint Stipulation of Facts and attached exhibits ("Joint Stipulation") filed on June 29, 2018, at Dkt. # 15.

agreed that Sharon Shadic was entitled to receive $3,602,872.25, or 18%, of the total settlement payment. *See* Exhibits C and D, Joint Stipulation.

5.  The Release provides that it "does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this U.S. Relator Release Stipulation." *See* Exhibit D, ¶5, Joint Stipulation.

6.  Plaintiffs Sharon and Duncan Barnes timely filed a joint Form 1040 for the 2015 tax year reporting the $3.6 million relator share award on Schedule C, Profit or Loss from Business. The Barnes paid income tax in the amount of $914,922.  Plaintiffs then timely filed an amended Form 1040X for the 2015 tax year, seeking a refund of federal income tax of $875,005.00 plus statutory interest, on the basis that settlement proceeds from a qui tam action are not taxable income. The Commissioner of Internal Revenue disallowed all but $67,912.00 of the amount claimed as a refund. The IRS proposed to recharacterize the relator share award from net business income/profits on Schedule C to Form 1040, line 21, "Other Income," resulting in a refund of $67,921 of self-employment taxes reported and paid.  Plaintiffs Sharon and Duncan Barnes subsequently timely filed this suit for refund.

## ARGUMENT

**I.   There Are No Genuine Issues Of Material Fact**

The United States submits there is no genuine issue as to any material fact, and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986).  When considering a motion for summary judgment, the court must review the facts drawing all inferences most favorable to the party opposing the motion. However, that party cannot rest upon mere allegations or denials in its pleadings, but must set forth specific facts

showing the existence of genuine fact issues for trial. *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 256-257 (1986).

Resolution of this issue by summary judgment will avoid unnecessary expense and use of judicial resources. *Celotex*, 477 U.S. at 327 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action").

**II.** *Qui Tam* **Actions under the False Claims Act**

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, imposes liability on a person who knowingly presents to the Government a false or fraudulent claim for payment. *See* 31 U.S.C. § 3729. The Government may bring a civil action. 31 U.S.C. § 3730(a). A private person may also bring a civil action for the person and for the United States Government. *Id.* at 3730(b)(1). This private action is referred to as a *qui tam* action. In a *qui tam* action, the private plaintiff, known as the relator, files the suit. The Government must either intervene, in which case the action is to be conducted by the Government, or notify the court that it declines to intervene, in which case the relator will have the right to conduct the action. *Id.* at § 3730(b)(4).

A relator who brings a *qui tam* action that results in a judgment or settlement is entitled to a reward determined by whether the Government intervened and the relator's contribution to the case. Generally, if the Government intervened the relator receives between 15 and 25 percent of the proceeds of the judgment or settlement. If the Government did not intervene, the relator receives between 25 and 30 percent of the proceeds of the judgment or settlement. *Id.* at §§ 3730(d)(1) and (d)(2).

### III. The United States Is Entitled to Summary Judgment Because *Qui tam* Awards Are Taxable Income

Ms. Barnes contends that the *qui tam* reward she received under the FCA is not taxable income. *See* Complaint, ¶ 8. She contends that taxing her reward would "permit the Government to keep more than the statutorily permissible amount" of 85%. *Id.* Further, she argues that the FCA "effects a partial assignment of the Government's damages claim to the relator" and the Government's damages claim is not subject to tax. Complaint, ¶ 7.

Section 61(a) defines gross income as "all income from whatever source derived." The definition "sweeps broadly" and is "subject only to the exclusions specifically enumerated elsewhere in the Code." *United States v. Burke,* 504 U.S. 229, 233 (1992); Treas. Reg. § 1.61-1(a). *See also Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 430 (1955) (Court gives liberal construction to term "gross income" in recognition of the intention of Congress to tax all gains except those specifically exempted). There is no exclusion from gross income for *qui tam* awards in the Internal Revenue Code.

Several courts have addressed the issue and all have uniformly agreed that *qui tam* awards are includable in gross income. *See Campbell v. Commissioner*, 134 T.C. 20 (2010), *aff'd*, 658 F.3d 1255 (11th Cir. 2011) (holding that *qui tam* payment is includable in gross income because it is the equivalent of a reward); *Brooks v. United States*, 383 F.3d 521 (6th Cir. 2004) (holding that a *qui tam* award is includable in gross income); *Patrick v. Commissioner*, 799 F.3d 885 (7th Cir. 2015) (holding that *qui tam* payment characterized as ordinary income and not capital gain); *Alderson v. United States*, 686 F.3d 791 (9th Cir. 2012)(stating that it "appears to be settled" that a "*qui tam* award is taxable income"); *Roco v. Commissioner*, 121 T.C. 160 (2003) (characterizing a *qui tam* award as the "equivalent of a reward" and as such is included in gross income). In each of these cases, taxpayers attempted a myriad of arguments to

convince the court that *qui tam* awards should not be taxed. In each case, the court determined that *qui tam* awards are taxable income.

*Qui tam* awards under the FCA are based on the relator's information and efforts in bringing a successful *qui tam* action. The Supreme Court has characterized a relator's share under the FCA as a "bounty" and as a "fee." *Vermont Agency of Natural Resources v. United States ex rel.* Stevens, 529 U.S. 765, 772 (2000); *see Roco*, 121 T.C. at 165 ("The payment to a relator … is a financial incentive for a private person to provide information and prosecute claims relating to fraudulent activity."). Regardless of the particular label given to the relator's compensation – bounty, reward, finder's fee – a *qui tam* award is unquestionably part of the relator's gross income. *See* Treas. Reg. § 1.61-2(a)(1).

As other circuits have held, the taxpayer must include the *qui tam* payment in gross income because the payment is an award and taxable under 26 U.S.C § 61(a) and 26 C.F.R. 1.61–2(a). Since *qui tam* rewards under the FCA are taxable as income, the Government does not owe Barnes a refund and the United States is entitled to summary judgment in its favor.

## CONCLUSION

The United States is entitled to summary judgment in its favor. *Qui tam* Relator Share awards under the False Claims Act are taxable as income pursuant to 26 U.S.C. § 61. Accordingly, the Barnes are not entitled to a refund of income tax for the 2015 tax year.

ERIN A. NEALY COX
United States Attorney

/s/ Michelle C. Johns
MICHELLE C. JOHNS
Texas State Bar No. 24010135
(214) 880-9762
(214) 880-9741 (Fax)
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
Michelle.C.Johns@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on June 29, 2018, I have served the following persons by serving a copy of the above pleading via the Court's electronic notification system:

Carolyn Dove
Jeffrey D. Lerner
The Dove Firm PLLC
255 N. Center Street, Suite 102
Arlington, Texas  76011

/s/ Michelle C. Johns
MICHELLE C. JOHNS

7